1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

AARON BLANK,

Plaintiff,

v.

HYDRO-THERMAL
CORPORATION, *et al.*,

Defendants.

Case No. 12-cv-2611-W(BGS)

**ORDER GRANTING MOTION
FOR RELIEF FROM DEFAULT
[DOC. 26]**

On September 21, 2012, Plaintiff commenced this action against Defendants in the San Diego Superior Court.  On October 26, 2012, Defendant Hydro-Thermal Corporation ("HTC") removed the action to this Court.  The Court dismissed the action for failure to prosecute on October 8, 2013.

Plaintiff now moves for relief from that dismissal.  Defendant opposes.  For the following reasons, the Court **GRANTS** Plaintiff's motion.  (Doc. 26.)

//

//

//

1  **I.    BACKGROUND**

2        Aaron Blank brought this action for breach of contract, failure to pay wages in

3  violation of California Labor Code §201, waiting time penalty for non-payment of wages

4  under California Labor Code § 203, wrongful termination in violation of public policy,

5  declaratory relief, and violation of California Business and Professions Code §17200.

6  After HTC removed the action to this Court, both Mr. Blank and his attorney, Mr.

7  Mark Teuton, failed to appear at a court-ordered Early Neutral Evaluation conference

8  on July 1, 2013.  United States Magistrate Judge Bernard G. Skomal issued an order to

9  show cause why sanctions should not be imposed ("OSC").  Plaintiff did not file a

10  responsive brief to the OSC, so HTC moved to dismiss for lack of prosecution.

11        On September 4, 2013, Mr. Blank filed a motion to substitute attorney,

12  contending that "Mr. Teuton has abandoned Plaintiff and this case and Plaintiff has

13  been unable to locate Mr. Teuton or communicate with him" since October of 2012.

14  (*Substitution Mt.* [Doc. 15], 15.)  On September 12, 2013, the Court Granted Mr.

15  Blank's motion to substitute Mr. Alan L. Williams as his new attorney.  (*See Substitution*

16  *Order* [Doc. 16].)  Approximately a month later, the Court granted HTC's motion to

17  dismiss for failure to prosecute, dismissing the case without prejudice.  (*See Dismissal*

18  *Order* [Doc. 22].)  In so doing, the Court noted that "[d]espite the substitution, to date,

19  Plaintiff has not filed an opposition to Defendant's motion to dismiss, nor has Plaintiff

20  filed a request for an extension of time to file an opposition. Instead, Plaintiff has left

21  the motion unopposed."  (*Id.*, 2:10–12.)

22        On November 6, 2013, Mr. Blank filed the instant motion to set aside default.

23  HTC opposes.

24

25  **II.    LEGAL STANDARD**

26        Once judgment has been entered, reconsideration may be sought by filing a

27  motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend

28

1  a judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment).

2  See Hinton v. Pac. Enter., 5 F.3d 391, 395 (9th Cir. 1993).

3      Rule 60(b) provides for extraordinary relief and may be invoked only upon a

4  showing of exceptional circumstances. Engleson v. Burlington N.R. Co., 972 F.2d

5  1038, 1044 (9th Cir.1994) (citing Ben Sager Chem. Int'l v. E. Targosz & Co., 560 F.2d

6  805, 809 (7th Cir. 1977)). Under Rule 60(b), the court may grant reconsideration

7  based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered

8  evidence which by due diligence could not have been discovered before the court's

9  decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has

10  been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

11      Rule 60(b)(6) is a "catchall provision" that applies only when the reason for

12  granting relief is not covered by any of the other reasons set forth in Rule 60. United

13  States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds*

14  *by* United States v. Washington, 593 F.3d 790 (9th Cir. 2010). "It has been used

15  sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only

16  where extraordinary circumstances prevented a party from taking timely action to

17  prevent or correct an erroneous judgment." Id. (internal quotation marks omitted).

18  Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and

19  circumstances beyond his control that prevented him from proceeding . . . in a proper

20  fashion." Id. (internal quotation marks omitted)

21      "[W]here the client has demonstrated gross negligence on the part of his counsel,

22  a default judgment against the client may be set aside pursuant to Rule 60(b)(6)."

23  Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1169 (9th Cir. 2002). "[T]he rule is

24  remedial in nature and thus must be liberally applied." Id. (citing Falk v. Allen, 739

25  F.2d 461, 463 (9th Cir.1984) (per curiam)). "[J]udgment by default is an extreme

26  measure and a case should, 'whenever possible, be decided on the merits.' " Id. at 1170

27  (quoting Falk, 739 F.2d at 463). Counsel who "abandons his duties as an attorney"

28  despite telling a client that a case is "proceeding properly" commits gross negligence.

1   See id. at 1171. "[C]onduct on the part of a client's alleged representative that results

2   in the client's receiving practically no representation at all clearly constitutes gross

3   negligence, and vitiating the agency relationship that underlies our general policy of

4   attributing to the client the acts of his attorney." Id.

5

6   **III.    DISCUSSION**

7        In Tani, an attorney violated a court order to attend a settlement conference

8   call, failed to provide the opposing party with a copy of his client's answer, and, though

9   he appeared at a hearing, failed to oppose in writing motions to strike his client's answer

10  and for default judgment against his client. 282 F.3d at 1167. The default order in that

11  case was delivered to the client's office because the attorney used that location as his

12  address of record. Id. The Ninth Circuit found that such failures went beyond attorney

13  error or neglect, and held that the District Court abused its discretion by finding

14  culpable conduct on the part of the client rather than the attorney. See id. at 1172.

15        Mr. Blank demonstrates inexcusable conduct on the part of Mr. Teuton that

16  constitutes gross negligence, the result of which was Mr. Blank receiving virtually no

17  representation in this matter. According to Mr. Blank, Mr. Teuton stated at the outset

18  that "the case would take a long time to move towards trial" and that "there would . .

19  . be long periods where Mr. Teuton would not be in communication with [him]." (*Pl.'s

20  Mot.* [Doc. 26-1], 3:12-17.) Unlike the attorney in Tani, who at least appeared at a

21  hearing on behalf of his client, Mr. Teuton "has for all intents and purposes

22  disappeared," having failed to contact Mr. Blank since HTC removed the action to this

23  Court in October of 2012. As did the attorney in Tani, Mr. Teuton failed to appear at

24  a court-ordered conference. And also like the attorney in Tani, who failed to file

25  written oppositions to pending motions, Mr. Teuton failed to file a responsive

26  declaration to the OSC and failed to oppose the resulting motion to dismiss the case.

27  Finally, while the Tani attorney's use of his client's office as an address of record may

28  have at least resulted in notifying the client of proceedings in the case, in this matter

1 attempts by both parties to contact Mr. Teuton have failed.  The end result of Mr.
2 Teuton's conduct was that Mr. Blank received practically no representation whatsoever
3 in this matter after the initial complaint was filed in Superior Court.

4     HTC contends that "Plaintiff's showing comes nowhere close to satisfying the
5 rigorous standard applying to motions under Rule 60(b)(6)." It supports this conclusion
6 with two lines of reasoning.

7     First, HTC points out Mr. Blank's failure to oppose HTC's motion to dismiss for
8 nearly one month after he substituted Mr. Williams as his new attorney.  As the Ninth
9 Circuit reasoned in <u>Tani</u>, "[J]udgment by default is an extreme measure and a case
10 should, 'whenever possible, be decided on the merits.' " 282 F.3d at 1169.  Both the due
11 date and hearing date for HTC's motion to dismiss had passed by the time Mr. Williams
12 was substituted as Mr. Blank's attorney.  The Court recognizes that nothing prevented
13 Mr. Blank's new attorney from seeking leave to file a late opposition to HTC's motion,
14 particularly given the grounds for the motion to substitute counsel.  The Court is also
15 somewhat concerned that by doing nothing after substituting into the case, Mr. Blank
16 appears to have replaced an attorney who did nothing to represent his client for nearly
17 a year with an attorney who did nothing for nearly a month to oppose a pending motion
18 to dismiss.  Nevertheless, the Court finds under <u>Tani</u>, the circumstances do not warrant
19 denial of the motion for relief.

20     Second, HTC argues, "given that the Court granted dismissal without prejudice,
21 Plaintiff cannot show an actual injury sufficient to justify setting aside the Courts' [sic]
22 judgment." (*Def.'s Opp'n* [Doc. 28], 7:19-23.)  It provides no authority standing for the
23 proposition that dismissal of a case without prejudice is not sufficient injury to justify
24 granting a Rule 60 motion.  HTC concedes in the very same paragraph that Mr. Blank
25 may suffer "a modest burden" in re-filing his claims were the instant motion to be
26 denied.  (*Id.*, 8:1-3.)  Regardless of whether such burden is "Plaintiff's own doing," as
27 HTC asserts, HTC presents no basis for a finding that such an injury is insufficient to
28 justify Rule 60(b) relief.

          12cv2611

IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Plaintiff's motion for relief from default [Doc. 26].  The order dismissing this case for lack of prosecution [Doc. 22]is **VACATED**.  Plaintiff is cautioned, however, that any further delay prosecuting this case will result in the dismissal of the case.


**IT IS SO ORDERED.**


**DATED:  March 12, 2014**

_____
Hon. Thomas J. Whelan
United States District Judge

12cv2611